a supersedeas bond, has any application whatever to interlocutory orders mentioned in article 4662, R.C.S., such as the order under consideration. If, pending the appeal, such an order is not suspended by the judge granting same, relief from the situation may be had in the Court of Civil Appeals under article 1823, R.C.S., on showing that, unless the order is suspended, the subject-matter of the appeal likely will be destroyed or materially interfered with, thereby unlawfully invading the jurisdiction of the appellate court and preventing an effective operation of the judgment that may be rendered. However, as we affirm the judgment of the court below, holding that its discretion was not abused in granting the temporary writ, the question presented by the application for a restraining order became moot, hence the application is dismissed.

The judgment below is affirmed and the application for a restraining order is dismissed.

ant, that being their attitude in the trial court.

Plaintiff sued defendant in the county court of Camp county, Tex., to recover on a promissory note in the sum of $200. The note was dated March 21, 1932, bore interest at the rate of 10 per cent. per annum from and after October 1, 1931, and provided for 10 per cent. additional if collected by legal proceedings or if placed in the hands of an attorney for collection.

Defendant answered by general demurrer and general denial.

The case was tried to the court without a jury, and judgment was rendered for defendant. The pleading nor the evidence showed a legal defense against the action to recover.

Judgment should have been for plaintiff. Accordingly, the judgment is reversed and judgment here rendered for plaintiff in the sum of $338.42, principal $200, interest $107.66, and attorney's fee $30.76. Reversed and rendered.

WALKER, C. J., recused.

## PITTSBURG NAT. BANK v. GOSS.

### No. 3261.

Court of Civil Appeals of Texas.
Beaumont.

Jan. 27, 1938.

Engledow & Guest, of Pittsburg, for plaintiff in error.

B. E. Goss, of Winnsboro, for defendant in error.

O'QUINN, Justice.

We shall refer to plaintiff in error as plaintiff, and defendant in error as defend-

## KLUCKMAN et al. v. TRUSTEES OF RAYMONDVILLE INDEPENDENT SCHOOL DIST. et al.

### No. 10121.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 19, 1938.

Rehearing Denied Feb. 16, 1938.

